**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4414**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

VALON MARCEL VAILES, a/k/a V,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00162-FDW-3)

Submitted: February 5, 2010        Decided: March 9, 2010

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. James Roos, III, LAW OFFICES OF J. JAMES ROOS, III, LLC, Towson, Maryland, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valon Marcel Vailes was convicted following a jury trial of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana, 21 U.S.C. § 846 (2006), and possession with intent to distribute, 21 U.S.C. § 841(a)(1) (2006), 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2009). The district court imposed concurrent sentences of 250 months' and 120 months' imprisonment. Vailes's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that in his opinion there are no meritorious issues for appeal, but questioning whether the district court erred in denying Vailes's motions for judgment of acquittal. Vailes was informed of his right to file a pro se brief, but he has not done so. We affirm.

This court reviews de novo the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a

2

conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862.

To establish Vailes's guilt under 21 U.S.C. § 846, the evidence must show that: (1) an agreement to possess and distribute marijuana existed between two or more people; (2) Vailes knew of the conspiracy; and (3) Vailes knowingly and voluntarily became a part of the conspiracy. See United States v. Kellam, 568 F.3d 125, 139 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). The penalty statute provides that the evidence must show that the amount involved 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. 21 U.S.C. § 841(b)(1)(A)(vii) (2006).

To establish Vailes's guilt under 21 U.S.C. § 841(a)(1), the evidence must show that: (1) Vailes possessed marijuana; (2) he had knowledge that he possessed marijuana; and (3) he intended to distribute the marijuana. See United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). The penalty statute provides that the evidence must show that the amount involved up to 50 kilograms of marijuana. 21 U.S.C. § 841(b)(1)(D).

After reviewing the record, we conclude that there was sufficient evidence presented at trial from which the jury could conclude that Vailes was guilty beyond a reasonable doubt of conspiring to possess with the intent to distribute more than

3

1000 kilograms of marijuana, and possession with the intent to distribute up to 50 kilograms of marijuana.

We also conclude that Vailes's sentence is reasonable. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 50 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 746 (2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a) factors.'" United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. When reviewing a sentence on appeal, we presume a sentence within the Guideline range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Vailes, and that his sentence in the middle of the Guideline range is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.

4

This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED